**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:12cv134-RLV
(5:05-cr-234-RLV-CH-2)**

| | | |
|---|---|---|
| **JOHN ANDREW SPEAGLE, SR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

   This matter is before the Court on Petitioner's "Motion to Recall Mandate under Rule 40/41 and Reconsider Motion Relating to <u>Simmons</u> Claim." (Doc. No. 8). Petitioner's motion is in the nature of a motion for reconsideration, and Petitioner is seeking for this Court to reconsider its March 11, 2013, judgment denying and dismissing as successive Petitioner's motion to vacate, filed under 28 U.S.C. § 2255 on August 17, 2012. Also pending is Petitioner's related "Motion for Summary Judgment under Rule 56(a)," in which he reiterates the arguments made in his motion for reconsideration. (Doc. No. 9). For the following reasons, Petitioner's motions are both denied.

   Petitioner pleaded guilty on August 18, 2006, to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Crim. Case No. 5:05-cr-234-RLV-CH-2, Doc. No. 86: Acceptance and Entry of Guilty Plea). In his plea agreement, Petitioner stipulated that he was responsible for at least 15 kilograms of methamphetamine, supporting a base offense level under the Sentencing Guidelines of 38. (<u>Id.</u>, Doc. No. 75: Amended Plea Agreement). The probation officer calculated an advisory

Sentencing Guidelines range of between 292 and 365 months in prison based on a total offense level of 35 (after a three-level reduction for acceptance of responsibility) and a criminal history category of VI. (Id., PSR at ¶¶ 31; 74). Petitioner also faced a statutory, mandatory minimum term of 240 months based on his prior conviction for manufacturing methamphetamine and the Government's notice filed in accordance with 21 U.S.C. § 851. This Court ultimately sentenced Petitioner to 292 months in prison, the bottom of the guideline range. (Id., Doc. No. 125: Judgment). The Fourth Circuit affirmed this Court's judgment, and on June 4, 2009, Petitioner filed a timely motion to vacate, asserting numerous claims of ineffective assistance of counsel. (Civil No. 5:09cv66, Doc. No. 1). This Court dismissed Petitioner's motion to vacate, finding that he had not produced evidence that his trial counsel's representation was constitutionally deficient. (Civil No. 5:09cv66, Doc. No. 4).

On August 17, 2012, Petitioner filed a second motion to vacate, arguing that he was sentenced as a career offender and subject to a statutory mandatory minimum term in prison in violation of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Determining that Petitioner's motion to vacate was second or successive and that Petitioner had not obtained authorization to file a second-or-successive petition, this Court dismissed Petitioner's second motion to vacate on March 11, 2013. Eight months later, Petitioner filed the pending motion, arguing that counsel misadvised him concerning his Simmons claim.

Petitioner's motion for reconsideration is denied. First, this Court's decision to dismiss Petitioner's second motion to vacate was correct under 28 U.S.C. § 2255(h) because Petitioner had not obtained authorization from a court of appeals to permit the filing of a second-or-successive motion to vacate. Second, Petitioner's total offense level was determined based on the drug quantity to which he stipulated in his plea agreement, not based on his status as a career

offender, and his sentence of 292 months in prison was well above the 240-month mandatory minimum, such that any <u>Simmons</u> error was harmless.  Therefore, even if Petitioner could properly assert a claim for relief in a second-or-successive motion to vacate, his <u>Simmons</u> claim would fail.  In sum, Petitioner has not identified any error in this Court's order dismissing his second motion to vacate.  Thus, his motion for reconsideration is denied.  Accordingly, his related motion for summary judgment is also denied.

**IT IS HEREBY ORDERED** that Petitioner's "Motion to Recall Mandate under Rule 40/41 and Reconsider Motion Relating to <u>Simmons</u> Claim," (Doc. No. 8), and Petitioner's "Motion for Summary Judgment under Rule 56(a)," (Doc. No. 9), are both **DENIED**.

Signed: August 13, 2015

Richard L. Voorhees
United States District Judge